UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRAD KEARNS, *et al.*,<br><br>                           Plaintiffs,<br>     v.<br><br>LIBERTY INSURANCE CORPORATION,<br><br>                           Defendant. | Case No. 3:24-cv-00060-MMD-CSD<br><br>ORDER |

**I.    SUMMARY**

Plaintiffs Brad and Elizabeth Kearns sued their homeowners' insurance company, Defendant Liberty Insurance Corporation, for refusing to pay them for more than 12 months of loss of use coverage after a tree fell on their house in Stateline, Nevada. (ECF No. 1 ("Complaint").) Before the Court is Plaintiffs' motion for reconsideration of the portion of the Court's prior order in which the Court found Defendant did not breach the pertinent insurance contract.[1] (ECF No. 21 ("Motion").) As further explained below—subject to one clarification—because the Court does not find Plaintiffs have met the reconsideration standard or otherwise convinced the Court that the challenged portion of its prior order was incorrectly decided, the Court will deny the Motion.

**II.    DISCUSSION**

Because Defendant raised it in its motion to dismiss, the Court addressed the argument that Defendant did not breach the insurance policy between Plaintiffs and Defendant and ruled that Defendant did not breach it. (ECF No. 20 at 5-8.) Plaintiffs were aware that Defendant was making this argument and responded to it. (*Id.* at 5 (noting Plaintiffs' argument that Defendant breached the contract).) In other words, the parties asked the Court to interpret the policy, and the Court did, but reached an interpretation

---

[1]Defendant filed a response (ECF No. 24), and Plaintiffs filed a reply (ECF No. 25).

unfavorable to Plaintiffs. Plaintiffs now seek reconsideration of that unfavorable decision, arguing that the Court "made several clear errors of the law in its interpretation of the insurance policy issued to Plaintiffs." (ECF No. 21 at 2.) Defendants generally counter that Plaintiffs' Motion does not satisfy the reconsideration standard because it primarily consists of arguments that Plaintiffs either did raise, or could reasonably have raised, in response to their motion to dismiss. (ECF No. 24 at 1.) The Court generally agrees with Defendants.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citation omitted). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). But "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) (citation omitted). And while motions to reconsider are generally left to the discretion of the district court, *see Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), the Court retains discretion not to consider arguments that were not raised until a motion for reconsideration without a good excuse for the delay. *See Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995); *N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

As Defendant points out in its response, Plaintiffs reiterate some arguments in their Motion and make a few new ones. (ECF No. 24.) But as to the new arguments, Plaintiffs do not offer any explanation as to why they waited until the Motion to raise them. (ECF

No. 21.)² The Court accordingly exercises its discretion not to further consider Plaintiffs' arguments regarding the header that mentions an increase, their preferred sequential reading of the policy, and the priority of state-specific endorsements over general endorsements. *See Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Plaintiff could have reasonably raised those arguments earlier in this litigation and offer no persuasive explanation for why they failed to.

As to Plaintiffs' argument that the policy contains inconsistent endorsements creating ambiguity (ECF No. 21 at 16-18), Plaintiffs made materially the same argument in response to the motion to dismiss (ECF No. 15 at 17-22). But "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown*, 378 F. Supp. 2d at 1288.

In general, having read and considered the Motion, and re-read the Policy, the Court continues to find that the policy unambiguously provides for only 12 months of loss of use benefits for the reasons the Court provided in its prior order. (ECF No. 20 at 5-8.) The Court also notes that Plaintiffs' Motion is unpersuasive because they present no binding precedent in it that directly and specifically supports any of their arguments. Plaintiffs cite only five reported opinions of the United States Court of Appeals for the Ninth Circuit, but only cite them for general, uncontroversial—but insufficiently specific— propositions. (ECF No. 21 at 6-7, 18.) The lack of pertinent binding precedent suggests that any errors the Court purportedly made are not as clear as Plaintiffs argue they are in

---

²Plaintiffs offer somewhat of an explanation in reply—that Defendant did not devote many pages to its breach of contract argument. (ECF No. 25 at 2.) But the number of pages a party devotes to an argument does not determine the legal impact of the argument, or whether a response is merited. And as mentioned above, Plaintiff responded to Defendant's argument that it did not breach the contract in response to the motion to dismiss, offering several arguments—just not all the arguments offered in the Motion. Plaintiffs accordingly do not adequately explain why they waited until filing the Motion to raise certain arguments.

their Motion.

However, Plaintiffs correctly point out that the Court erred when it wrote in its prior order, "[w]hatever the 'Loss of Use' section of the Declaration provided, the Policy plainly specifies that it was deleted and replaced by what follows." (ECF Nos. 21 at 8-11 (making the argument), 20 at 6-7 (including the incorrect sentence).) The Court meant to state—and indeed did state at the beginning of that same paragraph—that the Nevada-specific endorsement deleted and replaced the Coverage D – Loss of Use section of the policy, not the Declaration. (ECF No. 20 at 6.) The Court accordingly clarifies that the Nevada-specific endorsement did not delete the Declaration. The Nevada-specific endorsement, per its plain language, deleted the Coverage D – Loss of Use section of the policy. (*See* ECF No. 21-1 at 32 (this is the section that was deleted), 52 (stating the other section is deleted and replaced by what follows).) But the Court otherwise stands by its analysis in the Prior Order—the Nevada-specific endorsement replaced the Loss of Use section in the policy, and then the Homeprotector Plus endorsement further modified the Nevada-specific loss of use section of the policy. (ECF No. 20 at 6-8.)

In sum, the parties asked the Court to interpret the policy, and the Court did. Subject to the one error identified and corrected above, the Court stands by its interpretation. Plaintiffs disagree with the Court's interpretation. But reconsideration is not the appropriate avenue for Plaintiffs to voice their disagreement. Plaintiffs' remedy is appeal after this case reaches final judgment. *See WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136-37 (9th Cir. 1997) ("However, when a district court expressly grants leave to amend, it *is* plain that the order is not final.") (emphasis in original).

To that end, the Court reminds Plaintiffs that it granted them leave to amend two of their other claims (ECF No. 20 at 8-11 (granting leave to amend as to two claims))—but not their breach of contract claim (*id.* at 8)—so, as further specified below, the Court will give them another 30 days to file an amended complaint consistent with the Court's prior order if they wish. Plaintiffs do not need to include their breach of contract claim in

4

any amended complaint to preserve their ability to appeal the Court's decision dismissing only that claim with prejudice. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012). Indeed, Plaintiffs may not include a breach of contract claim in any amended complaint because the Court dismissed it with prejudice. (ECF No. 20 at 8.) And if Plaintiffs do not wish to file an amended complaint, they must file a notice of intent not to file one within 30 days. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064 (9th Cir. 2004) ("a plaintiff may obtain an appealable final judgment by 'fil[ing] in writing a notice of intent not to file an amended complaint.'") (citation omitted).

## III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiffs' motion for reconsideration (ECF No. 21) is denied.

It is further ordered that, because the Court previously granted Plaintiffs leave to amend two of their claims within 30 days, and that deadline passed while Plaintiffs awaited a decision on their motion for reconsideration, Plaintiffs must file any amended complaint consistent with the Court's prior order (ECF No. 20 at 8-11 (granting leave to amend as to two claims)) within 30 days of the date of entry of this order.

It is further ordered that, if Plaintiffs do not wish to file an amended complaint, they must file a notice of their intent not to file one within 30 days. Upon receipt of such a notice, the Court will issue another order resolving this case.

///

///

///

///

If Plaintiffs do not timely file either an amended complaint or a notice of intent not to file one as specified herein, the Court will dismiss this case, with prejudice, and without further advance notice to Plaintiffs.

DATED THIS 30th Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE